IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

07 NOV 13 PM 3:12

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| KELLY L. NIKLOS<br>8715 Glencanyon Drive<br>Powell, Ohio 43065 | : | |
| Plaintiff, | : | CASE NO. **2:07 cv 1174** |
| v. | : | JUDGE  JUDGE FROST |
| MOUNT CARMEL HEALTH SYSTEM<br>c/o Donald A. Davies<br>10 West Broad Street, Ste. 2100<br>Columbus, Ohio 43215 | : | MAGISTRATE JUDGE  MAGISTRATE JUDGE KING |
| Defendant. | : | |

## COMPLAINT
(with Jury Demand Endorsed Hereon)

NOW COMES Plaintiff Kelley L. Niklos and proffers this Complaint for damages against Defendant Mount Carmel Health System.

### THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant Mount Carmel Health System is an Ohio corporation licensed to do business n the State of Ohio with facilities in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a hospital facility in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant at its St. Ann's Hospital facility from June of 2000 until her discharge on or about August 30, 2007.

6. Plaintiff's minor son suffered from drug addiction issues that disabled him and caused him to threaten suicide at various times in the year 2007.

7. Plaintiff requested, and was granted, Family Medical Leave Act ("FMLA") intermittent leave to care for her son.

8. Plaintiff took days off in late August of 2007 to be with her son when he was threatening suicide. She stayed with her son until such time as she could secure his entrance into a drug treatment facility.

9. On or about August 30, 2007, upon returning to work and informing Defendant that she had managed to secure her son's entrance into a drug treatment facility, plaintiff was called to a meeting in which she was informed that she was being discharged for her attendance.

10. In the months prior to her discharge, it became evident too Plaintiff that information regarding her son's condition that she had been sharing with Defendant's Human Resources Department for purposes of obtaining FMLA leave had been shared with her co-workers, and was being circulated at the workplace. Plaintiff made informal complaints to Human Resources and her immediate supervisors, and filed a formal complaint with Human Resources regarding this breach of privacy immediately before her discharge.

11. The information regarding her son's drug addiction issues was of a private nature, and was a source of potential distress and embarrassment if shared with co-workers and the general public.

12. For every day that Plaintiff took leave to care for her son due to his drug addiction issues, Plaintiff had worked at least 1250 hours in the twelve (12) months prior to that day.

13. During the year 2007, Plaintiff employed more than 50 persons for at least 20 weeks of the year at, or within a 75-mile radius of, its St. Ann's Hospital facility.

### COUNT I
### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
### 29 U.S.C. §2601 et seq.

14. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-13 above as if fully rewritten here.

15. Plaintiff is an "eligible employee" as defined by 29 U.S.C. §2611(2).

16. Defendant is an "employer" as defined by 29 U.S.C. §2611(4)(A).

17. Plaintiff's leave time taken due to her son's drug addiction issues was for her son's "chronic serious health condition" as defined by 29 U.S.C. §2611(11)(B).

18. Defendant violated the FMLA by:

    a. regularly threatening Plaintiff with discipline and/or discharge for taking such leave time;

    b. using an FMLA-protected leave time as a negative factor in leading at least in part to Plaintiff's discharge; and,

    c. retaliating against Plaintiff for taking FMLA leave time off to care for her son.

19. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its actions towards, and discharge of, Plaintiff.

20. Defendant's violations of the Family and Medical Leave Act entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory

3

liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $150,000.00, and the equitable remedy of reinstatement and/or front pay.

## COUNT II
### WRONGFUL DISCHARGE IN VIOLATION OF OHIO PUBLIC POLICY

21. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-20 above as if fully rewritten here.

22. The State of Ohio has a public policy against discharging an employee as a result of that employee's complaint about invasion of privacy and/or unlawful conduct under HIPAA in the divulging of private medical information of family members.

23. Discharge of an individual under circumstances such as those involved in Defendant's discharge of Plaintiff would jeopardize one or more of the public policies set forth in ¶22 above.

24. The motivation and determining factor in Defendant's adverse employment actions and ultimate discharge of Plaintiff was its opposition to one or more of the public policies set forth in ¶22 above.

25. Defendant had no overriding business justification for discharging Plaintiff sufficient to overcome either of the public policies set forth in ¶22 above.

26. Defendant's wrongful discharge of Plaintiff entitles Plaintiff to compensatory damages, punitive damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $350,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $100,000.00, and the equitable remedy of reinstatement and/or front pay; and,

for Count II, compensatory damages, punitive damages, and attorneys fees and the costs of bringing this action, in an amount to be determined at trial, but in any event not less than $350,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Gary A. Reeve (0064872)
Laren E. Knoll (0070594)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio  43203
(614) 228-2050